Michael S. Agruss (SBN: 259567)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x235
Fax: 866-583-3695
magruss@consumerlawcenter.com
Attorneys for Plaintiff,
JERRY BARRICK

FILED

DEC 8 2009

RICHARD W. ...
CLERK, U.S. ...
NORTHERN D...

E-filing

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JERRY BARRICK, | ) Case No.: |
| | ) **CV 09 5757** |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| v. | ) |
| | ) |
| GC SERVICES, LP, | ) **TEH** |
| | ) |
| Defendant. | ) |
| | ) |

## VERIFIED COMPLAINT

Plaintiff, JERRY BARRICK (Plaintiff), through his attorneys, KROHN & MOSS, LTD.,

alleges the following against Defendant, GC SERVICES, LP, (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court

- 1 -

1    without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court

2    supplemental jurisdiction over the state claims contained within.

3    4. Defendant conducts business in the state of California, and therefore, personal

4    jurisdiction is established.

5    5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6    6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

7    **PARTIES**

8    7. Plaintiff is a natural person residing in San Francisco City, San Francisco County,

9    California.

10   8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to

11   Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*

12   and *Cal. Civ. Code § 1788.2(h)*.

13   9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ.*

14   *Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

15   10. Defendant is a collection agency headquartered in Houston, Texas.

16   11. Defendant acted through its agents, employees, officers, members, directors, heirs,

17   successors, assigns, principals, trustees, sureties, subrogees, representatives, and

18   insurers.

19   **FACTUAL ALLEGATIONS**

20   12. Defendant places collection calls to Plaintiff seeking and demanding payment for an

21   alleged debt.

22   13. Defendant threatens to take legal action against Plaintiff.

23   14. Defendant threatens to put a lien on Plaintiff's property.

24   15. Defendant threatens to ruin Plaintiff's credit.

25   16. Defendant's collector, Paul Schofield, told Plaintiff he has "no integrity and no

- 2 -

PLAINTIFF'S COMPLAINT

character."

17. Defendant did not send a debt validation letter to Plaintiff.

18. Defendant did not identify itself in subsequent communications.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

  a. Defendant violated $\S1692c(a)(1)$ of the FDCPA by communicating with Plaintiff in connection with the collection of a debt at a time or place known or which should be known to be inconvenient to Plaintiff.

  b. Defendant violated $\S1692d$ of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

  c. Defendant violated $\S1692d(2)$ of the FDCPA by using offensive language while speaking with Plaintiff.

  d. Defendant violated $\S1692d(5)$ of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

  e. Defendant violated $\S1692e$ of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt.

  f. Defendant violated $\S1692e(4)$ of the FDCPA by representing that nonpayment of Plaintiff's alleged debt will result in a lien on Plaintiff's property.

  g. Defendant violated $\S1692e(5)$ of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action.

  h. Defendant violated $\S1692g(a)(1-5)$ by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement

- 3 -

that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, JERRY BARRICK, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

26. Defendant violated the RFDCPA based on the following:

- 4 -

a. Defendant violated *§1788.10(e)* of the RFDCPA by threatening that nonpayment of Plaintiff's alleged debt will result in a lien on his property.

b. Defendant violated *§1788.11(a)* of the RFDCPA by using offensive language while speaking with Plaintiff.

c. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

d. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment.

e. Defendant violated the *§1788.13(j)* of the RFDCPA by falsely representing that legal proceedings have been or are about to be instituted unless Plaintiff pays his alleged consumer debt.

f. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

WHEREFORE, Plaintiff, JERRY BARRICK, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

27. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

28. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

29. Actual damages,

30. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

31. Any other relief that this Honorable Court deems appropriate.

- 5 -

PLAINTIFF'S COMPLAINT

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JERRY BARRICK, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: December 4, 2009                   KROHN & MOSS, LTD.

By: _____

Michael S. Agruss
Attorney for Plaintiff

- 6 -

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, JERRY BARRICK, states as follows:

1.  I am the Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JERRY BARRICK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: _12-4-09_                          _____
                                              JERRY BARRICK

- 7 -

PLAINTIFF'S COMPLAINT